[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#107) DEFENDANT'S MOTION TO STRIKE
The defendant has moved the court to strike Count Three of the plaintiff's complaint on the grounds that it fails to state a claim for which relief can be granted.
Specifically, the defendant points out that Count Three purports to assert a claim against the defendant based on the "substantial certainty" exception to the exclusivity requirement of the Workers' Compensation Act. The defendant claims that in Count Three the plaintiff alleges mere legal conclusions without any supporting basis and, additionally, that the allegations do not rise to the level necessary to sustain a claim based on "substantial certainty."
For those reasons, the defendant moves that Count Three be stricken as it is barred by the Workers' Compensation Act.
On September 12, 2002, the court entered an order on this motion without hearing oral argument by the parties. The defendant moved for permission to reargue the motion. Permission to reargue was granted, the order of September 12, 2002 was vacated and counsel for the plaintiff and the movant appeared and were heard and the court reserved decision.
The Workers' Compensation Act precludes suits by employees for injuries sustained in the course of their employment with few exceptions. In most such cases relief under the Workers' Compensation Act is the exclusive remedy of an injured worker. Under the "substantial certainty" exception to the exclusivity requirement the plaintiff must establish the factual predicate that the defendant or any alter ego of the defendant knew with substantial certainty that, in the performance of his employment duties, the plaintiff would be injured or that there was an affirmative intent to create a situation to harm him. Morocco v. Rex Lumber Co.,72 Conn. App. 516 (2002). CT Page 16573
A plaintiff employee can establish an intentional tort claim against his employer and overcome the exclusivity bar of the Workers' Compensation Act (§ 31-275 et seq.) by proving either that the employer actually intended to injure the plaintiff or that the employer created a dangerous condition that made the plaintiff's injuries substantially certain to occur.
The exception gives an employee a cause of action in addition to the remedies provided by the act. Id., 117-18. "[T]he employer must have engaged in intentional misconduct, as that has been defined through our case law. . . . directed against its employee. . . . Anything short of genuine intentional injury sustained by the employee and caused by the employer is compensable under the Act." (Citations omitted; internal quotation marks omitted.) Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, 533-34, 494 A.2d 555 (1985).
The exception does not include accidental injuries caused by "gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury." (Emphasis in original.) Id., 536, citing Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); see also Ramos v. Branford, 63 Conn. App. 671, 680 (2001).
An employee can prevail only by proving either that "the employer actually intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur (substantial certainty standard)." Suarez v. Dickmont Plastics, 242 Conn. 255,257-58, (1997) (Suarez II). The actual intent standard or test could produce inequities under some hypothetical situations, and it is, therefore, the substantial certainty standard that most often is used. See id., 258; see also Ramos v. Branford, supra, 63 Conn. App. 679.
"The substantial certainty test provides for the intent to injure exception to be strictly construed and still allows for a plaintiff to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 109-10, quoting Gulden v. Crown Zellerbach Corp., 890 F.2d 195, 197 (9th Cir. 1989).
In the instant case, the allegations in the complaint contain nine different allegations of intentional conduct by the defendant which allegedly caused the injuries to the plaintiff. The defendant maintains CT Page 16574 that, individually and collectively, they amount to failure to take remedial action — as opposed to intentional or deliberate acts designed to cause the injury that resulted. See Archambeault v. Soneco/Northeastern, No. X04CV990123735, 2002 WL 960032 at *4 (Conn.Super.Ct. April 18, 2002. The court in this case agrees with the defendant.
"Without a showing that the employer's violations of safety regulations were committed with a conscious and deliberate intent directed to the purpose of inflicting an injury, a wrongful failure to prevent injury is not the equivalent of an intention to cause injury." Ramos v. Town of Branford, 63 Conn. App., supra, 685.
The court finds that the allegations in the plaintiff's complaint do not reflect a conscious and deliberate intent directed to the purpose of inflicting an injury. See Melanson v. Town of West Hartford, No. 575312, 1998 WL 389199 (Conn.Sup.Ct. June 30, 1998).
For the foregoing reasons, the defendant's motion to strike the Third Count of the plaintiff's complaint is hereby granted.
By the Court,
JOSEPH W. DOHERTY, JUDGE CT Page 16575